# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1550-18T3

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

      Plaintiff-Respondent,

v.

K.E,

      Defendant-Appellant,

and

B.S.,

      Defendant.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF C.S.

      a Minor.

_____

      Submitted January 28, 2020 – Decided February 14, 2020

      Before Judges Fisher and Gilson.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FG-02-0032-17.

Joseph E. Krakora, Public Defender, attorney for appellant (Robyn A. Veasey, Deputy Public Defender, of counsel; Jennifer M. Kurtz, Designated Counsel, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Natasha C. Fitzsimmons, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor (David Ben Valentin, Assistant Deputy Public Defender, on the brief).

PER CURIAM

K.E. (Kayla) appeals from a judgment terminating her parental rights to her son, C.S. (Chris) and granting guardianship to the Division of Child Protection and Permanency (the Division).[1] Kayla argues that the trial court erred in finding that it was in Chris' best interests to terminate her parental rights. N.J.S.A. 30:4C-15.1(a). In particular, she challenges the findings of prongs two, three, and four of the best-interests test, contending that Chris has special needs and no adoptive home had been identified for him.

---

[1] We use initials and fictitious names to protect privacy interests and the confidentiality of the record. See R. 1:38-3(d)(12).

The Division and Chris' law guardian urge that we affirm and permit Chris to become available for selective home adoption. They argue that all the experts who evaluated Kayla and Chris agree that it was in Chris' best interests to terminate Kayla's parental rights. Having reviewed the record in light of the parties' contentions and the applicable law, we affirm substantially for the reasons explained by Judge William R. DeLorenzo, Jr. in his thorough, 105-page written opinion filed on November 21, 2018.

The facts and evidence were detailed in Judge DeLorenzo's opinion, which was rendered after a six-day trial. Consequently, we need only summarize some of the facts. Kayla and B.S. (Brandon) are the biological parents of two children, Chris and K.S. (Kyle). Kyle is now over the age of eighteen and the Division's plan for him is independent living. Brandon did not participate in the trial and he has not appealed from the judgment terminating his parental rights. Accordingly, this appeal focuses on Chris, who was born in April 2005, and Kayla.

Kayla has a history of issues involving mental health, substance abuse, and domestic violence. Her most persistent problems arise from her mental health. Since 2014, Kayla has undergone a series of mental health evaluations and received various treatments. She has been diagnosed with bipolar disorder

and has demonstrated anger management problems and instability. Kayla has also failed to consistently take her prescribed mental health medications. On at least four occasions, Kayla has been hospitalized for psychiatric reasons. Several of those hospitalizations involved involuntary commitments because Kayla was cutting herself or threatening suicide.

The Division has been involved with Kayla and her two sons since 2008. Chris and Kyle were removed from the care of Kayla and Brandon in 2008 because Brandon and Kayla had a physical fight in front of the boys. After the boys were returned to their parents' custody in 2009, the Division continued to receive multiple referrals concerning domestic violence between the parents and injuries to both Kyle and Chris.

In 2014, Chris and Kyle were again removed from their parents' custody based on concerns that Kayla was using cocaine, leaving the children unattended, and that her mental health was deteriorating. Since that removal, Chris has been in the custody of the Division and he has not returned to the care of Kayla.

While in the Division's custody, Chris has been in several resource homes and he is currently at a treatment home. Chris is diagnosed with Attention

Deficit Hyperactivity Disorder (ADHD) and attends a special therapeutic school. He has developmental disabilities and has engaged in self-harm.

At trial, three experts testified: Dr. Samiris Sostre, a psychiatrist; Dr. Robert Miller, a psychologist; and Dr. Elayne Weitz, a psychologist. Those experts evaluated Kayla and found that she suffers from a number of mental health problems. The experts opined that Kayla could not provide appropriate care for Chris and that her mental health had little chance of improving to a level that would permit her to care for Chris.

Dr. Miller and Dr. Weitz each performed bonding evaluations of Kayla and Chris. Both experts opined that Kayla's unstable mental health problems had caused psychological harm to Chris. Both experts also testified that terminating Kayla's parental rights will ultimately benefit Chris because such a termination is his only chance to achieve permanency. In that regard, Dr. Weitz opined that even if there was no adoptive home available for Chris, terminating Kayla's parental rights was still in Chris' best interests.

The Division also presented testimony from three workers at the trial: a caseworker; a child-specific recruiter; and an adoption supervisor. In addition, the Division submitted into evidence a number of documents. Dr. Weitz testified on behalf of the law guardian. Kayla also testified at trial.

After hearing all of the testimony and considering the various exhibits, Judge DeLorenzo made detailed findings of fact and conclusions of law. He found all the experts and the Division's workers to be credible. He found Kayla's testimony to be incredible. Judge DeLorenzo then found that the Division had proven by clear and convincing evidence all four prongs necessary for termination of parental rights under N.J.S.A. 30:4C-15.1(a).

With regard to prong one, Judge DeLorenzo found that Chris had been harmed by exposure to domestic violence between his parents and by Kayla's mental health and instability.

Concerning prong two, Judge DeLorenzo found that Kayla was unable or unwilling to eliminate the harm because she denies her mental health problems and does not consistently treat those problems. Judge DeLorenzo also found that further delay in a permanent placement for Chris "will only further harm him."

Turning to prong three, Judge DeLorenzo found that the Division had made extensive efforts to provide services to help Kayla address her mental health and instability. In that regard, he reviewed the numerous psychological and psychiatric evaluations, parenting classes, and therapy that had been provided for Kayla. Judge DeLorenzo also found that the Division had

A-1550-18T3

considered various alternatives to termination of parental rights, but there was no realistic alternative.

Finally, with regard to prong four, Judge DeLorenzo found clear and convincing evidence that termination of Kayla's parental rights would not do more harm than good. In making that finding, the judge relied on the unrebutted and credible testimony of Dr. Miller and Dr. Weitz. Judge DeLorenzo noted that both experts opined that Chris would not suffer severe or enduring harm in being separated from Kayla and that both experts had significant concerns about continued contact between Kayla and Chris because of Kayla's harmful behavior towards Chris.

On this appeal, Kayla argues that the trial court erred in terminating her parental rights. As already noted, she takes particular exception to Judge DeLorenzo's findings on prongs two, three, and four. She argues that she has made efforts to address her mental health and that it would not be in Chris' best interests to terminate her parental rights particularly when no adoptive home had been identified for Chris.

A review of the record establishes that all of the trial court's findings concerning the four prongs are supported by substantial credible evidence. See N.J. Div. of Youth & Family Servs. v. F.M., 211 N.J. 420, 448 (2012) (quoting

N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007)). Moreover, Judge DeLorenzo correctly summarized the law and correctly applied the law to his factual findings. See N.J. Div. of Child Prot. & Permanency v. P.O., 456 N.J. Super. 399, 407 (App. Div. 2018). Judge DeLorenzo appropriately relied on the unrebutted testimony of Dr. Miller and Dr. Weitz, both of whom conducted a number of evaluations and had a factual basis for their opinions. In that regard, our Supreme Court has noted: "In a termination of parental rights trial, the evidence often takes the form of expert . . . testimony by psychiatrists, psychologists, and other mental health professionals." N.J. Div. of Child Prot. and Permanency v. R.L.M., 236 N.J. 123, 146 (2018) (citing Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 30 (1981)).

Kayla correctly points out that at the time of the guardianship trial, the Division had not found a caregiver willing to adopt Chris. Instead, Chris was at a special treatment home and the Division was searching for an appropriate selective adoption home. Despite that significant problem, all the experts who testified at trial agreed that Kayla was not in a position to provide appropriate care to Chris. Several of the experts also opined that even continuing supervised visitation was harmful to Chris. Consequently, Chris' best chance for permanency was termination of Kayla's parental rights so that selective home

adoption could occur as quickly as possible. We discern no basis to disagree with the factual findings and legal conclusions reached by Judge DeLorenzo.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1550-18T3